Ramirez-Morales v. Garland

BIA
Ruehle, IJ
A206 437 486
A206 250 876/877/878

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand twenty-four.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNY CHIN,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

VIRGILIO RAMIREZ-MORALES, EMELI MARLENY RAMIREZ-MENDEZ, JOSUE ABRAHAM RAMIREZ-MENDEZ, YOLANDA MENDEZ-HERNANDEZ,
> *Petitioners*,

v.                                             23-6068
                                               NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

*Respondent.*

_____

**FOR PETITIONERS:**             Anne E. Doebler, Esq., Buffalo, NY.

**FOR RESPONDENT:**             Brian M. Boynton, Principal Deputy Assistant
                                Attorney General;  Walter Bocchini, Senior
                                Litigation Counsel; Monica M. Twombly,
                                Trial Attorney, Office of Immigration
                                Litigation, United States Department of
                                Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Virgilio Ramirez-Morales, Yolanda Mendez-Hernandez, Emeli Marleny Ramirez-Mendez, and Josue Abraham Ramirez-Mendez, all natives and citizens of Guatemala, seek review of a December 22, 2022 decision of the BIA affirming a September 16, 2019 decision of an Immigration Judge ("IJ") denying Ramirez-Morales's application for asylum and withholding of removal.[1]  *In re Virgilio Ramirez-Morales*, *et al.*, Nos. A206 437 486 & 206 250 876/877/878 (B.I.A. Dec. 22, 2022), *aff'g* Nos. A206 437 486 & 206 250 876/877/878 (Buffalo Immigr. Ct. Sept.

---

[1] Ramirez-Morales does not raise a claim for relief under the Convention Against Torture before this Court.

2

16, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We deny the petition as to asylum because the IJ denied that claim, filed more than one year after Ramirez-Morales entered the United States, as untimely and Ramirez-Morales did not challenge that timeliness determination on appeal to the BIA. Accordingly, the asylum claim, including Ramirez-Morales's due process arguments about the filing deadline and his request for remand to allow his derivative beneficiaries to raise independent claims, is unexhausted and not properly before us. *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear

3

it."); *Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (confirming that issue exhaustion is mandatory where the government raises it).

Although we may reach the merits of his claim for withholding of removal, we find no error in the agency's conclusion that Ramirez-Morales failed to establish a nexus to a protected ground. *See* 8 C.F.R. § 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the protected ground must be "one central reason" for the harm suffered or feared). Ramirez-Morales asserted that he had suffered economic persecution because he had grown up in extreme poverty and that he had been threatened by strangers who demanded money. However, he did not establish that this harm was on account of his indigenous ethnicity.

Ramirez-Morales testified about growing up in poverty—having limited access to food, usually eating only tortillas and beans and sometimes eggs or chicken, lacking running water or electricity, traveling to a school an hour away on foot, attending school taught in Spanish rather than in his indigenous language, and attending school for only two years because he had to work on his family's farm—but he did not present evidence that these conditions were imposed *because of* his indigenous ethnicity. The same is true of the threats and demands for

4

money. Ramirez-Morales did not tie those threats and demands to his indigenous ethnicity, and "general crime conditions are not a stated ground" for withholding of removal. *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999).

Further, as it relates to economic persecution, independent of the required nexus between the harm to the applicant and a protected ground, an "applicant must offer some proof that he suffered a *deliberate* imposition of substantial economic disadvantage." *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (emphasis added) (internal quotation marks omitted). Ramirez-Morales failed to do so here.

"[A]n economic sanction constitutes persecution if it (1) deprives the victim of liberty, food, housing, employment or other essentials of life, or (2) deliberately imposes a severe economic disadvantage." *Huo Qiang Chen v. Holder*, 773 F.3d 396, 405 (2d Cir. 2014) (cleaned up) (quoting *Matter of T-Z-*, 24 I. & N. Dec. 163, 171 (B.I.A. 2007)). "Persecution requires a showing of more than mere economic discrimination. The economic difficulties must be above and beyond those generally shared by others in the country of origin and involve noticeably more than mere loss of social advantages or physical comforts. Rather, the harm must be 'of a deliberate and severe nature and such that is condemned by civilized

5

governments.'" *Matter of T-Z-*, 24 I. & N. Dec. at 173 (internal citations omitted) (quoting H.R. Rep. No. 95-1452, at 7 (1978)). Ramirez-Morales did provide evidence of societal discrimination and violence against various indigenous groups in Guatemala and of the high poverty rates in those groups, but not evidence that the Guatemalan government itself intentionally harmed him or otherwise created a sanction that deliberately imposed these disadvantages on him, or that his economic deprivation was beyond that shared by others in Guatemala. *See Huo Qiang Chen*, 773 F.3d at 405 (citing *Matter of T-Z-* for examples of economic sanctions such as "onerous fines," property confiscation, and limitations on employment (alteration adopted)).

In sum, Ramirez-Morales did not provide sufficient evidence to establish that the government deliberately imposed his specific economic deprivation or that any harm was imposed because of his indigenous identity.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6